Filed 8/12/21  P. v. Meza CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307736 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA054914-02) |
| v. | |
| BRAYAN MARTIN MEZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Brayan Martin Meza (defendant) was convicted of second degree murder in 2013 for his role in the death of David Hendricks. In 2019, he filed a petition for resentencing under Penal Code section 1170.95,[1] which the trial court summarily denied. Defendant now appeals, arguing that the court erred in summarily denying his petition without an evidentiary hearing. Although our Supreme Court in *People v. Lewis* (July 26, 2021, S260598) ___Cal.5th___ [2021 Cal.Lexis 5258] (*Lewis*) has held that summary denials are not procedurally appropriate, *Lewis* also held that they can be harmless where, as here, the defendant is otherwise ineligible for relief as a matter of law. Thus, we affirm the denial of his petition.

**FACTS AND PROCEDURAL BACKGROUND[2]**

I. **Facts**

Carlos Sotello (Sotello) picked two fist fights with David Hendricks (Hendricks) in a day, and lost both of them. Sotello walked away after the first, but shot and killed Hendricks after the second. Defendant was watching the second fight and holding a gun; during that fight, Sotello retrieved the gun from defendant in order to shoot Hendricks.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated

[2] For the background in this case, we rely on our prior opinion, contained in the record. (*People v. Meza* (May 30, 2015, B266328 [nonpub. opn.].)

2

## II.     Procedural Background

### A. *Underlying conviction and sentence*

The People charged defendant with murder (§ 187), and alleged that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(4)).  The People further alleged in the alternative that a principal in the crime (1) personally used a firearm (§§ 12022.53, subds. (b), (e)(1), 186.22, subd. (b)(4)), (2) personally discharged a firearm (§§ 12022.53, subds. (c), (e)(1), 186.22, subd. (b)(4)), and (3) personally used and discharged a firearm causing death (§§ 12022.53, subds. (d), (e)(1), 186.22, subd. (b)(4)).

The trial court instructed the jury on a single theory of liability—namely, that defendant directly aided and abetted Sotello in the commission of Hendrick's murder.

The jury convicted defendant of second degree murder, and found the gang enhancement and all of the firearm enhancements to be true.

Defendant proceeded pro se at sentencing, and the trial court sentenced him to 40 years to life in prison—15 years to life on the murder charge, followed by 25 years to life for the enhancement involving discharge of a firearm causing death. The court imposed but stayed sentences for the remaining enhancements.

### B. *First appeal*

In his prior appeal, defendant challenged his sentence, arguing that the 25-years-to-life sentencing enhancement was improperly imposed and, additionally, that the court abused its discretion when it denied his third request for postponement of

his sentencing hearing.  We disagreed and affirmed defendant's sentence.

### C. *Petition for resentencing*

In 2019, defendant filed a form petition for resentencing under section 1170.95.  In the petition, defendant checked the pertinent boxes to indicate that (1) "A complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "At trial, [he] was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine"; and (3) "[He] could not now be convicted of 1st or 2nd degree murder because of changes to Penal Code §§ 188 and 189, effective January 1, 2019."

After receiving briefing from both sides, the trial court summarily denied defendant's petition because the jury did not convict defendant of murder under any theory of liability affected by section 1170.95.

### D. *Second appeal*

Subsequently, defendant filed this timely appeal.

### DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition without issuing an order to show cause and holding an evidentiary hearing.

A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *Lewis, supra*, ___Cal.5th___ [2021 Cal.Lexis 5258 at p. *12].)  A person is entitled to relief

4

under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree murder," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)  A person may be convicted of murder, even after the 2019 changes made to sections 188 and 189, if he (1) "was the actual killer," (2) aided and abetted the actual killer with the intent to kill, or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e).)  A ""prima facie showing is one that is sufficient to support the position of the party in question.""" (*People v. Law* (2020) 48 Cal.App.5th 811, 820, review granted July 8, 2020, S262490.)

In *Lewis*, *supra*, ___Cal.5th___ [2021 Cal.Lexis 5258], our Supreme Court held that if a defendant files a facially compliant petition and requests the appointment of counsel, the trial court must appoint counsel and entertain further briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief.  (*Id.* at p. *15.)

Here, defendant's petition was facially compliant and he requested counsel.  Thus, *Lewis* dictates the conclusion that the trial court erred in summarily denying defendant's petition.

That being said, *Lewis* also provides that any error in summarily denying a section 1170.95 petition is harmless unless the defendant can show ""it is reasonably probable that if [he or she] had been afforded assistance of counsel [and briefing] his [or her] petition would not have been summarily denied without an

5

evidentiary hearing.'" [Citation.]" (*Lewis, supra,* ___Cal.5th___ [2021 Cal.Lexis 5258 at p. *29].)

Defendant has not carried this burden because it is not reasonably probable that the outcome of this proceeding would have been any different, even if defendant had counsel and the opportunity for further briefing. That is because the record of conviction indicates that he was found guilty of second degree murder as a direct aider and abettor, precluding him from relief under section 1170.95. (See § 189, subd. (e); see *People v. Drayton* (2020) 47 Cal.App.5th 965, 972 [explaining that summary denial is proper at the prima facie stage where defendant is "indisputably ineligible for relief"].) In particular, the jury was instructed on the direct aider and abettor theory of second degree murder but *was not* instructed on either the natural and probable consequences theory or felony murder theory. Because defendant's jury was not instructed on either of the two theories on which relief can be granted under section 1170.95, defendant is ineligible for resentencing under section 1170.95 as a matter of law.

After *Lewis*, defendant's sole argument on appeal is that the court was prohibited from reviewing the record of conviction to determine eligibility for relief at the prima facie stage. *Lewis* specifically rejected that argument. (*Lewis, supra,* ___Cal.5th___ [2021 Cal.Lexis 5258 at pp. *22-*24].)

6

# DISPOSITION

We affirm the order denying relief under section 1170.95.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
HOFFSTADT

We concur:

_____, Acting P.J.
ASHMANN-GERST

_____, J.
CHAVEZ